**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Toni STEWART, Defendant–Appellant.**

**No. 89–2401.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 7, 1990.

Decided Oct. 29, 1990.

Richard Delonis, Asst. U.S. Atty., Diane L. Donohue (argued), U.S. Dept. of Justice, Detroit Strike Force, Detroit, Mich., for plaintiff-appellee.

Leroy T. Soles (argued), Federal Public Defenders Office, Detroit, Mich., for defendant-appellant.

Before MARTIN and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.

LIVELY, Senior Circuit Judge.

This appeal requires us to reconcile an apparent conflict between a statute, 18 U.S.C. § 3584(a) (1988), and a provision of the United States Sentencing Guidelines, Guideline § 5G1.3. More specifically, we must determine whether a district court retains discretion to impose a concurrent sentence on an offender who commits a crime while serving an unexpired sentence for an unrelated offense. We conclude that the district court does retain this discretion, and vacate the sentence in the present case.

## I.

### A.

Toni Stewart failed to return to a half-way house at the appointed time on January 18, 1989, and was indicted on one count of escape, 18 U.S.C. § 751(a) (1988). Stewart had been transferred to the half-way house from a federal prison where he was serving a custodial sentence that had been imposed in 1978 for armed bank robbery. Stewart pled guilty to the escape charge and the district court sentenced him to twenty-four months imprisonment, to run consecutively to the sentence for bank robbery. In imposing the consecutive sentence the district judge indicated on the record, more than once, that he felt he had no discretion to order a concurrent sentence.

In reaching this conclusion the district court relied on Guideline § 5G1.3, as in effect from November 1, 1987 until November 1, 1989, which provided, as pertinent here:

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences.

### B.

Although Stewart presented several arguments to the district court for a downward departure from the guidelines, and for making the instant sentence concurrent with the unexpired one, he makes a single argument on appeal. He contends that the district court committed reversible error in imposing the consecutive sentence on the assumption that it has no discretion to impose a concurrent sentence. Stewart asserts that a statute, 18 U.S.C. § 3584, clearly provides for concurrent as well as consecutive sentences in his situation, and that the statute prevails over the guidelines. The statute, in relevant part, provides:

> if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.

18 U.S.C. § 3584(a). The statute then directs sentencing courts to consider, as to each offense for which imprisonment is ordered, the factors to be taken into account

in determining whether to make the terms concurrent or consecutive. 18 U.S.C. § 3584(b). These factors, seven in number, are listed in 18 U.S.C. § 3553(a). The fourth of these factors to be considered is "the kinds of sentence and the sentencing range" applicable to particular categories of offenses and offenders as set forth in the guidelines.

## II.

Both 18 U.S.C. § 3584 and 28 U.S.C. § 991–98, the enabling act that created the United States Sentencing Commission and directed it to promulgate the guidelines, were enacted as part of the Sentencing Reform Act of 1984. The guidelines are not legislative enactments but do have the force of law. The guidelines must be consistent with all pertinent provisions of Titles 18 and 28 of the United States Code. 28 U.S.C. § 994(a). Among the many duties imposed upon the Sentencing Commission is the obligation to include in the guidelines "a determination whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively." 28 U.S.C. § 994(a)(1)(D). Guideline § 5G1.3 appears to have been written in response to this statutory directive.

Several courts of appeals have dealt with the issue now before us. In *United States v. Wills*, 881 F.2d 823 (9th Cir.1989), the court ruled, in effect, that § 5G1.3 is invalid to the extent that it attempts to remove a sentencing judge's discretion to impose a concurrent sentence for an offense committed while the defendant is serving an unexpired sentence of imprisonment. The court held that "a judge has discretion to impose a concurrent or consecutive sentence, as a matter of law, under section 3584(a)." *Id.* at 826.

Similarly, in *United States v. Nottingham*, 898 F.2d 390, 394 (3d Cir.1990), the court stated that "the guidelines on this subject must be consistent with 18 U.S.C. § 3584(a), the only statutory section exclusively directed to the issue of consecutive and concurrent sentences for offenses committed during an unexpired term." Relying in part on the 1989 amendment to § 5G1.3 and the Sentencing Commission's rationale for the amendment, the court found that "[u]nlike the commission of a crime while serving a term of imprisonment (while on escape), the commission of a crime on parole does not mandate a consecutive sentence." *Id.* at 395. Therefore, the court concluded that the district court could have imposed either concurrent or consecutive sentences in that case. *Id.* at 396.

■ On the other hand, beginning with *United States v. Fossett*, 881 F.2d 976 (11th Cir.1989), at least three courts of appeals have concluded that Guideline § 5G1.3 and 18 U.S.C. § 3584 can be reconciled. See *Fossett; United States v. Rogers*, 897 F.2d 134 (4th Cir.1990); and *United States v. Miller*, 903 F.2d 341 (5th Cir. 1990).[1] In these decisions the courts held that while § 5G1.3 is valid, a sentencing court does retain the discretion to impose a concurrent sentence upon a defendant who commits a new, unrelated offense while serving an unexpired term. See *Fossett*, 881 F.2d at 980; *Rogers*, 897 F.2d at 138; *Miller*, 903 F.2d at 349. The court reasoned in *Miller* that § 5G1.3 precludes the imposition of a concurrent sentence in such a situation *within* the guidelines but, by exercising its general discretion to depart from the guidelines, a sentencing court may impose a concurrent sentence even in the situation described in § 5G1.3. 903 F.2d at 345.

In adopting the reconciling approach, the *Rogers* court referred to the liberal departure policy of the guidelines and noted that there are two different kinds of departure under the guidelines:

The guidelines' liberal departure policy is drawn from § 3553(b), and reflects a conscious decision by the Commission not to limit, with a few specific exceptions, the

---

1. More recently, the United States Court of Appeals for the Eighth Circuit has held that since under the guidelines a district court may depart from the consecutive sentencing requirements of § 5G1.3, it was not necessary to reach the issue of whether 18 U.S.C. § 3584(a) supersedes the guidelines. *United States v. Whitehorse*, 909 F.2d 316 n. 5 (8th Cir.1990).

factors that could constitute grounds to depart from the guidelines sentence. *See* U.S.S.G. Ch. 1, Pt. A, at 6 (Nov.1989).

The guidelines recognize two different kinds of departure. *See id.* at 7. In some cases, the particular guideline at issue may suggest circumstances or factors that, if present, may provide the basis for departure. As originally adopted, the commentary to Guideline § 5G1.3 provided that "[d]eparture would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines." U.S.S.G. § 5G1.3 comment (Oct.1987). Whether or not the relevant guideline provides such "guidance for departure," however, courts retain a general discretion to depart that is not limited to consideration of the general grounds for departure listed in the guidelines. *Id.* Ch. 1, Pt. A, at 7 (Nov.1989); *see id.* Ch. 5, Pt. K ("Departure"). If the court believes that there are factors relevant to the sentencing decision which have not been adequately considered by the Commission, discretionary departure, subject to review for reasonableness, *see* 18 U.S.C. § 3553(c); *id.* § 3742(e)(3), is an available option.

897 F.2d at 137.

We agree with this reasoning as set forth in *Rogers*. Thus, although the applicable guideline section requires that Stewart be given consecutive sentences, the district court retained discretion to avoid this requirement by following the procedures prescribed for departure. Therefore, Guideline § 5G1.3 and 18 U.S.C. § 3584, while facially inconsistent, may be reconciled.

### III.

■ In its appellate brief the government appears to concede that the district court was in error when it concluded that it had no discretion to impose a concurrent sentence on Stewart. It contends, however, that this error was harmless because the district court considered and rejected Stewart's arguments for departure. Thus, the government asserts Stewart was not prejudiced by the ruling that his escape sentence must be served consecutively to his unexpired bank robbery sentence. We disagree.

The arguments for departure made by Stewart's attorney and considered by the district court were not related to the apparent conflict between Guideline § 5G1.3 and 18 U.S.C. § 3584(a). Rather, the arguments centered on Guideline § 4A1.1(d), which requires the addition of two points to a defendant's criminal history category if the offense for which he is being sentenced was committed while the defendant was under a sentence. Stewart's attorney argued for a departure consisting of the subtraction of the two points added under Guideline § 4A1.1(d). He maintained that because the escape offense had already resulted in lengthening the time Stewart would serve on the bank robbery charge, by pushing back his date of eligibility for parole, the addition of two points because the offense of escape was committed while he was under an unexpired sentence amounted to a double punishment for the same offense. Counsel relied on two district court opinions, *United States v. Bell*, 716 F.Supp. 1207 (D.Minn.1989); *United States v. Clark*, 711 F.Supp. 736 (S.D.N.Y. 1989). Although the district court did not answer the *Bell* and *Clark* arguments directly, this court recently stated that we did not find these opinions persuasive. See *United States v. Lewis*, 900 F.2d 877, 880–81 (6th Cir.1990).

A careful examination of the record convinces us that, although the very able trial judge obviously was aware of his power to order a downward departure, he did not consider employing his general departure authority to impose a concurrent sentence in the face of § 5G1.3's direction that the sentence be consecutive to the one then being served.

The judgment of sentence is vacated and the case is remanded to the district court for resentencing in light of this opinion. The court has the discretion to make the sentence concurrent if it reaches that determination by applying the procedures for departure contained in the guidelines. See

18 U.S.C. § 3553(b), (c); Guidelines, Ch. 1, Pt. A, 4(b) Departures; Guideline § 5K2.0. In making this determination the court may consider any factor relevant to the sentencing decision that it finds the Sentencing Commission did not adequately take into account in formulating the guidelines. 18 U.S.C. § 3553(b); Guideline § 5K2.0.

In considering whether to depart from the guidelines by imposing a concurrent sentence, as opposed to subtracting two points from the defendant's criminal history score, it would not be inappropriate for the district court to consider the reasoning employed in *United States v. Bell*, 716 F.Supp. 1207, 1212–14 (D.Minn.1989). In *Bell*, as in the case now before us, the defendant was serving a pre-guidelines sentence at the time of his escape. He asserted that because of the escape, the Parole Commission was almost certain to increase the time he would be required to serve under that sentence. The *Bell* court agreed, and took this factor into account in deciding to depart from the guidelines by imposing a concurrent sentence. Our opinion in *United States v. Lewis*, 900 F.2d 877 (6th Cir.1990), does not preclude the district court from doing the same thing here.

We neither express nor intimate an opinion as to whether departure may be warranted. The district court erroneously thought it had no discretion, and we remand for reconsideration in light of our conclusion that such discretion did exist. 18 U.S.C. § 3742(f)(1).

VACATED and REMANDED with instructions.