953 F.2d 1385
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Stanley SISSOM, Defendant-Appellant.
 No. 91-5714.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Stanley Sissom, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, Sissom has waived oral argument and the United States has not filed an oral argument statement. Thus, oral argument is waived in this appeal. Rule 9(d), Rules of the Sixth Circuit.
 
 
 2
 Sissom was indicted in September 1990 of one count of being a felon in possession of a firearm, and one count of being a felon in possession of ammunition. Both offenses occurred on October 14, 1987, prior to the effective date of the sentencing guidelines. Pursuant to a plea agreement, executed February 20, 1991, Sissom pleaded guilty to the firearm count and waived his right to collaterally attack the plea under 28 U.S.C. § 2255. The government agreed to dismiss the ammunition count and to recommend a sentence not to exceed three years imprisonment. Sentencing proceedings were held on June 3, 1991, at which time the district court sentenced Sissom to twenty-four months imprisonment and a special assessment of $50. Over Sissom's objection, the district court ordered that this sentence run consecutively to the twenty-year state sentence that Sissom was currently serving. Judgment was entered June 4, 1991.
 
 
 3
 On appeal, Sissom argues that the trial court erroneously failed to consider the proper statutory factors in determining whether his federal sentence should run consecutively or concurrently to his state sentence, and abused its discretion in imposing a consecutive sentence.
 
 
 4
 Upon review, we affirm the district court's judgment because the district court did not abuse its discretion when it ordered Sissom's federal sentence to run consecutively to his state sentence. See United States v. Stewart, 917 F.2d 970, 973 (6th Cir.1990); Shields v. United States, 310 F.2d 708, 709 (6th Cir.1962), cert. denied, 374 U.S. 837 (1963).
 
 
 5
 Because Sissom's state and federal terms of imprisonment were imposed at different times, 18 U.S.C. § 3584(a) appears to support a preference for consecutive sentences. Although § 3584(b) directs the sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a), it does not direct the trial court to expressly consider each enumerated factor. The record before us supports a finding that the district court did adequately consider the necessary factors before ordering Sissom's federal sentence to run consecutively to his state sentence.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.