**UNITED STATES of America**

v.

**Terry W. HOLLOWAY.**

No. SCr. 91–59.

United States District Court, N.D. Indiana, South Bend Division.

March 26, 1992.

William Grimmer, Asst. U.S. Atty., South Bend, Ind., for U.S.

Charles A. Asher, South Bend, Ind., for Holloway.

## SENTENCING MEMORANDUM

MILLER, District Judge.

Terry Holloway served as a federal grand juror in 1991. As a grand juror, he was ordered to maintain the secrecy of all grand jury proceedings. Nonetheless, Mr. Holloway discussed an ongoing federal drug investigation in a social setting; he had learned of the investigation through his grand jury service. As it turned out, he discussed the investigation in the presence of a confidential informant involved in the investigation. The government concedes that Mr. Holloway had no intention to obstruct, and did not actually obstruct, the investigation. Nonetheless, his breach of grand jury secrecy had the potential to jeopardize the investigation and the informant.

Mr. Holloway has pleaded guilty to a charge of criminal contempt, 18 U.S.C. § 401. He faces a term of imprisonment or a fine, but not both. *Id.* Because the offense occurred after November, 1991, the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 apply, although quite clumsily.

### I.

■ The parties agree that Mr. Holloway is entitled to a two-level reduction in his offense level for acceptance of responsibility, U.S.S.G. § 3E1.1(a), that no other adjustments to the offense level apply, and that Mr. Holloway has no prior criminal convictions that would produce criminal history points. The parties' dispute relates to the proper base offense level.

### A.

The first step in determining the offense level is to check the Guidelines' statutory table that refers the reader to the appropriate guideline section. For violations of 18 U.S.C. § 401, the statutory table refers the court to U.S.S.G. § 2J1.1, but that section simply directs the court to "Apply § 2X5.1

(Other Offenses)". U.S.S.G. § 2X5.1 provides little additional guidance:

> If the offense is a felony or Class A misdemeanor for which no guideline expressly has been promulgated, apply the most analogous guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553(b) shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable.

Application Note 1 to U.S.S.G. § 2J1.1 explains why the Sentencing Commission felt it necessary to dispatch sentencing judges on their own quest for an applicable guideline:

> Because misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependent, the Commission has not provided a specific guideline for this offense. In certain cases, the offense conduct will be sufficiently analogous to § 2J1.2 (Obstruction of Justice) for that guideline to apply.

In fairness to the Sentencing Commission, Congress has not provided a maximum prison term for violation of § 401, presumably due to the same variety of offense conduct mentioned in the Application Note.

### B.

The presentence report recommends reference to U.S.S.G. § 2J1.2 as the most analogous guideline. Mr. Holloway objects, contending that the guideline for obstruction of justice cannot be the most analogous guideline for conduct that did not obstruct justice. The court agrees with the presentence report's position.

Of all guideline provisions, § 2J1.2 is the most analogous to the conduct giving rise to this crime. The tendency of a breach of grand jury secrecy is to impede the investigation and prosecution of crime. That tendency is shared by the crimes that are governed by U.S.S.G. § 2J1.2: corrupt influence of a court officer or juror (18 U.S.C. § 1503), evading process or obstructing administrative agency proceedings (18 U.S.C. § 1505), stealing court records (18 U.S.C. § 1506), picketing to influence a judge, juror, or witness (18 U.S.C. § 1507), obstructing court orders (18 U.S.C. § 1509), willfully obstructing communication relating to a crime (18 U.S.C. § 1510), tampering with a witness (18 U.S.C. § 1512), knowingly retaliating against a witness or informant (18 U.S.C. § 1513), and fraudulently obstructing a federal audit (18 U.S.C. § 1516).

Indeed, the federal crime most analogous to the conduct in this case is governed by U.S.S.G. § 2J1.2:

> Whoever knowingly and willfully, by any means or device whatsoever—
>
> (a) records, or attempts to record, the proceedings of any grand jury or petit jury in any court of the United States while such jury is deliberating or voting; or
>
> (b) listens to or observes, or attempts to listen to or observe, the proceedings of any grand or petit jury of which he is not a member in any court of the United States while such grand jury is deliberating or voting—
>
> shall be fined not more than $1,000 or imprisoned not more than one year, or both.
>
> Nothing in paragraph (a) of this section shall be construed to prohibit the taking of notes by a grand or petit juror....

18 U.S.C. § 1508. The overlap is far from exact, but the search for an "analogous" guideline section cannot require an exact fit.

### II.

■ Departure from a guideline sentencing range is appropriate if the Sentencing Commission inadequately considered an aggravating or mitigating factor. U.S.S.G. § 5K2.0; 18 U.S.C. § 3553(b). Such a conclusion seems easily supported when, as here, the Sentencing Commission provided no applicable guideline. Each of the of-

fenses covered by U.S.S.G. § 2J1.2 requires an intent to defraud or to obstruct justice; such an intent is not necessary to a violation of 18 U.S.C. § 401, and it is not suggested that Mr. Holloway had such an intent. He spoke despite knowing he was not to speak, but he did not do so with an intent to obstruct justice or to endanger government witnesses, investigations, or prosecutions. The sentencing range produced by U.S.S.G. § 2J1.2 does not adequately consider such a state of mind.

The court believes that the consideration warrants a six level reduction in offense level. Because the court must justify the extent of any departure, the court turns to U.S.S.G. § 2K2.1, which governs the prohibited possession of firearms or ammunition. U.S.S.G. §§ 2K2.1(a) and 2K2.1(b)(1) establish offense levels for various acts. U.S.S.G. § 2K2.1(b)(2) then provides that if the defendant (other than some specified defendants) "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6."

The offense levels applicable to defendants eligible for reduction under that guideline range from 20, U.S.S.G. §§ 2K2.1(a)(6), 2K2.1(b)(1)(F), to 6, U.S.S.G. § 2K2.1(a)(8). Accordingly, the reduction provided by § 2K2.1(b)(2) could be as many as 14 levels. In most cases, however (see §§ 2K2.1(a)(6), (7)), the reduction will be 6 to 8 levels. The court believes a corresponding reduction is proper if conduct assigned an offense level for obstruction of justice was not intended to, and did not, obstruct justice.

Accordingly, Mr. Holloway's base offense level would be 12. U.S.S.G. § 2J1.2. The offense level would be reduced by two levels for acceptance of responsibility. U.S.S.G. § 3E1.1(a). The court then would depart downward an additional six levels to offense level 4. An offender at level 4 with no prior criminal record faces a sentencing range of zero to six months' imprisonment. U.S.S.G. Ch. 5, Pt. A. Probation is authorized. U.S.S.G. § 5B1.1(a)(1).

## III.

■ Under the sentencing alternatives provided by 18 U.S.C. § 401, the court must select between a sentence of imprisonment and a fine; both cannot be imposed. Mr. Holloway contends that the sentencing guidelines effectively prohibit consideration of punishment other than a fine. U.S.S.G. § 5E1.2(a) provides, "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5C1.1(b) provides, "If the minimum term of imprisonment in the applicable guideline range in the Sentencing Table is zero months, a sentence of imprisonment is not required, unless the applicable guideline in Chapter Two expressly requires such a term."

Mr. Holloway cites a series of cases for the unremarkable proposition that the Sentencing Guidelines are the law and must be followed despite restricting discretion otherwise found in the law. See, e.g., United States v. Stewart, 917 F.2d 970, 972–973 (6th Cir.1990). Accordingly, he contends, U.S.S.G. § 5E1.2(a) says a fine must be imposed; 18 U.S.C. § 401 says no imprisonment may be imposed if a fine is imposed; therefore, the court may fine, but cannot imprison.

The government disagrees, and cites United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989), as analogous support for the court's retention of the authority to fine or imprison. The court finds neither Stewart nor Wills authoritative on the issue before the court. Those cases dealt with U.S.S.G. § 5G1.3, and not with the effect of U.S.S.G. § 5E1.2(a) on 18 U.S.C. § 401.

Had the Sentencing Commission intended to limit punishment for violation of 18 U.S.C. § 401 to fines, U.S.S.G. § 2J1.1 and its accompanying Application Note (quoted above) are inexplicable. Reference to U.S.S.G. § 2X1.5 would be unnecessary; reference to U.S.S.G. § 5E1.2(c), the fine table, would suffice. The Sentencing Commission's intent plainly was not to foreclose all possibility of imprisonment for willful disobedience of a court order. Read in

their entirety, the Guidelines provide a sentencing range (although an unwieldy method of determining it) and a fine range; the courts retain their discretion under 18 U.S.C. § 401 to utilize one or the other, but not both.

### IV.

 In light of the seriousness of the risk posed by Mr. Holloway's conduct and his financial situation, the court does not believe that a fine is appropriate.

While the seriousness of the offense conduct warrants the threat of imprisonment, the court believes that a sentence of probation is appropriate in light of Mr. Holloway's lack of intent to obstruct justice, lack of a prior criminal record, and impressive post-offense rehabilitation. In light of the seriousness of the offense, the court believes a brief period of confinement should be among the conditions of probation. Because of Mr. Holloway's status as a grand juror, the court believes that placement in any sort of penal facility would jeopardize Mr. Holloway and the integrity of investigations of which he is aware; accordingly, the court believes that home detention is appropriate.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Terry W. Holloway, is hereby placed on probation for a period of two (2) years. As conditions of probation:

(1) the defendant shall not violate any state, federal or local law;

(2) the defendant shall comply with the thirteen standard conditions of probation set forth in U.S.S.G. § 5B1.4(a);

(3) the defendant shall not possess a firearm or other dangerous weapon;

(4) the defendant shall participate in a program approved by the U.S. Probation Office for urinalysis and, if deemed necessary by the Probation Office, for the treatment of substance abuse; and

(5) the defendant shall serve seven days of home confinement as arranged through the Probation Office pursuant to the Probation Office's standard procedures for home confinement.

The defendant shall pay to the United States a special assessment of $50.00, which shall be due immediately.