**UNITED STATES of America**

v.

**Hector MOLENA, Defendant.**

**No. 89 Cr. 0888 (RWS).**

United States District Court,
S.D. New York.

April, 1, 1992.

Otto G. Obermaier, U.S. Atty. S.D.N.Y., New York City (Roland G. Riopelle, Asst. U.S. Atty., of counsel), for U.S.

Leonard F. Joy, The Legal Aid Soc., Federal Defender Services Unit, New York City (Paul Davison, of counsel), for defendant.

SWEET, District Judge.

Hector Molena ("Molena") has moved pursuant to 28 U.S.C. § 2255 for an order vacating the sentence imposed on him on April 5, 1990, and resentencing him to a reduced term. The Government has submitted a response. For the reasons set forth below, Molena's motion is granted.

*Background*

■ Molena was sentenced to twenty-seven months of imprisonment under the United States Sentencing Guidelines ("Guidelines") on April 5, 1990, after pleading guilty to one count of escape in violation of 18 U.S.C. § 751(a).

When he escaped, Molena was confined in the Community Treatment Center, known as the Manhattan House. He was scheduled to be discharged to parole supervision on January 17, 1988, but left the Manhattan House on December 16, 1987, without authority. At that time, he was serving a five-year sentence for conduct that occurred before the enactment of the Guidelines.

While in escape status, Molena exhibited good conduct. He held a series of jobs in textile factories and was supporting himself. At his sentencing for the escape, Molena's counsel sought a departure on this ground, which was denied. Counsel also sought a departure to prevent possible double-counting by the Parole Commission given the interplay between the pre-Guidelines Parole Commission Guidelines and the Sentencing Guidelines.

In an effort to avoid this problem, the Court amended the original Sentencing Opinion to recommend to the Parole Commission that it "consider this sentence a complete discharge of Mr. Molena's responsibilities arising out of his escape". This was done with the hope that the Commission would not rescind Molena's original parole. At the hearing, the Court noted that if it had departed downward, it would be to a six-month sentence. Transcript 7. It refused to depart, however, because "one cannot assume that the parole commission is not going to do the right thing or comply with my recommendation". *Id.* at 8.

On October 15, 1990, the Parole Commission rescinded Molena's parole for the pre-Guidelines sentence and required him to serve an additional twenty months of imprisonment. This recision was based in part on Molena's escape. Molena complet-ed this term of imprisonment on March 20, 1992, and is now serving the twenty-seven month term imposed by this Court for the escape. In essence, Molena has been sentenced to forty-seven months of imprisonment for the escape, which is more time than contemplated by the Sentencing Guidelines. Double counting has occurred.

The original sentence was imposed on the assumption that the Parole Commission would consider the twenty-seven month Guidelines sentence a complete discharge of Molena's responsibility for the escape. The Commission failed to follow this Court's recommendation, voiding that assumption. Molena's twenty-seven month sentence imposed under the Guidelines for the escape is therefore vacated.[1]

*The Sentence*

■ No exact provision of the Guidelines provides for a departure in a case such as this. Paragraph 4(b) of the Introduction to the Guidelines notes, however, that there are certain types of departures that "remain unguided" and that there "may be grounds for departure that are not mentioned" in the Guidelines. That the Sentencing Commission failed to consider the interplay between the Parole Commission Guidelines and the Sentencing Guidelines is one such instance.

Other courts have recognized this gap between the Parole Guidelines and the Sentencing Guidelines and have approved departures in similar circumstances to avoid a "pseudo double penalty". *United States v. Weaver,* 920 F.2d 1570, 1575 (11th Cir. 1991); *see United States v. Bell,* 716 F.Supp. 1207, 1212–14 (D.Minn.1989). Therefore, in a downward departure from the Guidelines, Molena is resentenced to six months of imprisonment for his violation of 18 U.S.C. § 751(a). The remaining terms of his sentence shall stay the same.

It is so ordered.

---

**1.** The Government does not oppose vacating the original sentence.