972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred WALLACE; Larry Wallace, Defendants-Appellants.
 Nos. 91-6308, 91-6318.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 Law enforcement authorities conducted an investigation into drug trafficking activities in the Forest Street area of Dyersburg, Tennessee, in early 1990. As a consequence of this investigation, Fred Wallace and Larry Wallace, defendants, were indicted on four counts of selling cocaine base (crack). On July 17, 1991, the defendants were found guilty by a jury on three of the four counts.[1]
 
 
 2
 On October 10, 1991, a sentencing hearing was held before the Honorable Robert M. McRae, Jr. Both defendants asked that their sentences run concurrently with previous sentences that had been imposed upon them as a result of their July, 1991 conviction for bank robbery.
 
 
 3
 In asking for a concurrent sentence, the attorney for Fred Wallace stated:
 
 
 4
 In this case, the defendant Fred Wallace is 20 years old. He's been incarcerated since his 18th birthday and as the Court is aware, a substantial sentence of 97 months has been imposed against Mr. Wallace for bank robbery, which actually occurred--the bank robbery occurred after the dates of these charges. The defendant now faces a guideline range of 92 to 115 months for these charges.
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 Well, Your Honor, considering all of that, it is our request that we ask the Court to be lenient on him and sentence him to a concurrent sentence as the sentence already imposed on him is almost half the years he's lived....
 
 
 8
 The district judge noted that no error had been committed under the guidelines, and ordered that Fred Wallace's 92-month sentence run consecutively to his prior sentence.
 
 
 9
 Similarly, Larry Wallace requested that his prison term run concurrently to his prior sentence for bank robbery. His attorney stated:
 
 
 10
 The factors to be considered in deciding whether it should run concurrent or consecutive are laid out in 3553(a). Your Honor, all these factors, the defendant would submit, favor the defendant Larry Wallace in this case. I would like to go over a few of them. Number 1, the nature of the case and the characteristics of the defendant. He is a one-time drug dealer. He has not had any prior convictions....
 
 
 11
 His attorney requested that Larry's 137-month sentence run concurrently with his previous 97-month bank robbery sentence. The trial judge found Larry's argument to be no more persuasive than Fred's argument, concluding that "crack" is "a hundred times worse than cocaine," and that Larry's sentence, accordingly, should run consecutively to the bank robbery sentence.
 
 
 12
 Both defendants also requested a two-point reduction for acceptance of responsibility. Fred Wallace argued that he was entitled to the two-point reduction because, although he was prepared to admit guilt, the probation officer did not meet with him. To that argument, the district court stated:
 
 
 13
 "I'm going to throw out his acceptance of responsibility. It's wasting my time. I don't think you all understand. That means you're supposed to come in and say, look, I admit I was wrong. I should not have done this thing. I'm willing to help you find somebody else. It's not just I'll plead guilty if you give me a good deal and wait until somebody comes out there to tell you something. It's supposed to be an affirmative act on your part. You haven't done anything like that. You're not entitled.
 
 
 14
 Similarly, Larry Wallace's attorney argued that he was previously willing to plead guilty to two counts of the indictment and that he was sorry for what he had done. He also pointed out that "just because you went to trial you don't loose [sic] the acceptance of responsibility." The district court pointed out that "a mere plea of guilty" is not enough.
 
 
 15
 Court: ... [y]ou mean, because he didn't plead guilty, he lost the opportunity to tell the probation officer he was sorry?
 
 
 16
 Larry's attorney: That is correct.
 
 
 17
 Court: Okay. I've heard enough on that.
 
 
 18
 After hearing all of the arguments, the district court refused to reduce Larry's offense level for acceptance of responsibility.
 
 
 19
 On appeal, the defendants argue that (1) their offense levels should have been reduced under U.S.S.G. § 3E1.1 (acceptance of responsibility), and that (2) their sentences should have been imposed concurrently with their previous sentences.
 
 I. ACCEPTANCE OF RESPONSIBILITY
 
 20
 This court reviews the sentencing court's determination of whether a defendant has accepted responsibility by a clearly erroneous standard. United States v. Reed, 951 F.2d 97, 99 (6th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992); United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991); United States v. Tucker, 925 F.2d 990, 991 (6th Cir.1991). The defendant has the burden to show by a preponderance of the evidence that he has accepted responsibility for the crime committed. Williams, 940 F.2d at 181; Tucker, 925 F.2d at 991.
 
 
 21
 Both of the defendants in this case claim that they deserve a reduction for acceptance of responsibility because they had planned to enter into a plea agreement with the United States attorney and express their regret for their action. In actuality, however, each pleaded not guilty and took their cases to trial.
 
 
 22
 Fred Wallace claimed that he was afforded no opportunity in the drug case to meet with the probation officer while in jail on the bank robbery charge after having been interviewed by her only in connection with the bank robbery indictment. The following colloquy occurred at the sentencing hearing:
 
 
 23
 THE COURT: How were you going to accept responsibility?
 
 
 24
 FRED WALLACE: I was merely going to tell her [the probation officer] that I took advantage of going to trial because I was left no other choice....
 
 
 25
 THE COURT: You wanted to make a deal?
 
 
 26
 FRED WALLACE: No. I was not making a deal, Your Honor.
 
 
 27
 We see no merit to Fred Wallace's claim that he was somehow prejudiced by not having another interview with the probation officer. In this case all, or most, of the pertinent information had been gathered by the probation officer before the drug offense had occurred. The district court considered the circumstances and both defendants' position papers before denying credit under the guidelines for acceptance of responsibility.
 
 
 28
 The defendants assert no other affirmative acts to show that they accepted personal responsibility for their conduct. While a "[c]onviction by trial ... does not automatically preclude a defendant from consideration for such a reduction," U.S.S.G. § 3E1.1 comment. (n. 2), these defendants have demonstrated no entitlement to a two-level reduction under § 3E1.1. The guidelines require that the defendants perform some affirmative act manifesting acceptance of responsibility. See U.S.S.G. § 3E1.1(a). Because such an affirmative act is absent in the case of both defendants, the district court's findings in this regard were not clearly erroneous.
 
 II. CONSECUTIVE SENTENCES
 U.S.S.G. § 5G1.3(a) (1991) provides:
 
 29
 If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
 
 18 U.S.C. § 3584(a) provides:
 
 30
 (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
 
 
 31
 Under § 3584(b), the seven factors set out in 18 U.S.C. § 3553(a) are to be considered "in determining whether the terms imposed are to be ordered to run concurrently or consecutively:"
 
 
 32
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 
 
 33
 (2) the need for the sentence imposed--
 
 
 34
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 
 
 35
 (B) to afford adequate deterrence to criminal conduct;
 
 
 36
 (C) to protect the public from further crimes of the defendant; and
 
 
 37
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 
 
 38
 (3) the kinds of sentences available;
 
 
 39
 (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. [s] 994(a)(1) that are in effect on the date the defendant is sentenced;
 
 
 40
 (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. [s] 994(a)(2) that is in effect on the date the defendant is sentenced;
 
 
 41
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 
 
 42
 (7) the need to provide restitution to any victims of the offense.
 
 
 43
 18 U.S.C. § 3553(a).
 
 
 44
 This court in United States v. Stewart, 917 F.2d 970 (6th Cir.1990), held that, notwithstanding the apparent mandate of U.S.S.G. § 5G1.3, the district court has the discretion to order that a defendant's sentence run concurrently with a previously imposed sentence. Although Stewart dealt with the pre-1989 version of the guidelines, we believe that the district court still retains discretion under § 3584 to order concurrent sentences. See Stewart, 917 F.2d at 972-973 (adopting the reasoning in United States v. Rogers, 897 F.2d 134 (4th Cir.1990)).
 
 
 45
 The defendants in this case claim that the § 3553(a) factors were not adequately considered in the district court's decision to order their sentences to run consecutively. They argue that because of their ages and the quantity of cocaine involved, and because of "all of the factors enumerated in § 3553(a)," the district court abused its discretion in failing to order that their sentences be served concurrently.
 
 A. FRED WALLACE
 
 46
 As conceded at the sentencing hearing, Fred Wallace, although only twenty, had a lengthy criminal record, "one of the worst records I ever heard of,"[2] according to the district judge. The district judge heard considerable testimony about the defendants at a suppression hearing. The consecutive sentence reflected "the history and characteristics" of Fred Wallace, the "nature (and seriousness) of the offense," and it provided what the district court thought was "just punishment." It was also designed "to protect the public from further crimes." Necessarily, the district court took into account the kind of sentence and sentencing range pursuant to 28 U.S.C. § 994(a)(1) and the pertinent policy statement. As to Fred Wallace, then, we believe the court took into account sufficient factors established in the record to justify the consecutive sentencing. To give the defendant a concurrent sentence would, in effect, as observed by the district court, "reward him by saying he can do his dope time with the bank robbery." The judge gave Fred Wallace "the low guidelines," and, while he may well have more specifically dealt with the statutory factors, we find no error in his exercise of discretion. This defendant had a full opportunity to respond or object to the presentence report recommendation on sentencing, but he did not do so.
 
 B. LARRY WALLACE
 
 47
 This defendant presents a more difficult problem with regard to his sentencing. Larry Wallace was acquitted on one charge, and he filed an affidavit on acceptance of responsibility in support of his "position with regard to sentencing factors." He claims never to have denied responsibility for the drug offenses, despite his not guilty plea, and states also that he received the maximum guideline sentence imposed by another district judge (137 months) for the intervening bank robbery offense.[3] He claims that the presentence report's mention of a prior drug possession offense was in error because the charge was dismissed.[4]
 
 
 48
 Larry Wallace also maintained that he was willing to change his plea but "the government was not favorably disposed to our offer to plead on the lines suggested by the defense." The district judge sentenced Larry Wallace at the midpoint between the low and high guideline range. Had he made the sentence concurrent, Larry Wallace would, in effect, have received no punishment for the crack cocaine offense.
 
 
 49
 As in Fred Wallace's case, while the district court should have discussed the various factors more fully in exercising its discretion concerning whether the sentence would be consecutive or concurrent, we think it is clear that he considered the totality of circumstances involved. In Stewart, 917 F.2d at 973-974, we stated that to make a second federal sentence concurrent to a prior unrelated federal sentence, the district court should apply the same procedure as that which would be applied in departing from the guidelines. The district court here mentioned no factor or circumstance presented by Larry Wallace that would justify a departure in this case. We believe the district court did not abuse its discretion in that regard. It seems apparent that the district judge was aware that under the statute, he did have "a generous discretion to depart," or order a concurrent sentence if he chose to do so under all the circumstances. See Stewart, 917 F.2d at 973 (quoting United States v. Rogers, 897 F.2d 134, 137 (4th Cir.1990)).
 
 
 50
 We note also that while Larry Wallace claimed to have no prior drug offense, like his brother, he had a lengthy criminal record including several assaults and batteries, burglary, larceny, failure to register a firearm, an armed bank robbery, as well as a lengthy juvenile record.[5]
 
 
 51
 We, accordingly, AFFIRM the challenged sentences imposed by the district court.
 
 
 
 [1]
 Larry Wallace was acquitted on count three
 
 
 [2]
 Fred Wallace's record included (according to Judge McRae) burglary, shoplifting, assault with a deadly weapon, violation of probation, resisting arrest, and bank robbery after being indicted on these drug charges
 
 
 [3]
 The present drug offense occurred before the bank robbery, but these defendants were sentenced first for the bank robbery
 
 
 [4]
 The prosecuting attorney in the Missouri case dismissed the charges "since he has been convicted of that bank robbery case."
 
 
 [5]
 The potential maximum sentence for the drug offenses charged was forty years