UNITED STATES of America,
Plaintiff–Appellee,

v.

Terry W. HOLLOWAY, Defendant–
Appellant.

No. 92–1799.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 14, 1992.

Decided April 9, 1993.

Andrew B. Baker, Jr., Asst. U.S. Atty., Julie Hanson, Office of the U.S. Atty., Dyer, IN, for plaintiff-appellee.

Charles A. Asher, South Bend, IN, for defendant-appellant.

Before CUDAHY, RIPPLE, and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Terry Holloway pled guilty to one count of criminal contempt of court under 18 U.S.C. § 401 and was sentenced to serve seven days of home confinement as part of a two-year period of probation. Mr. Holloway appeals on the ground that his sentence contravenes the proper interaction of 18 U.S.C. § 401 and 18 U.S.C. § 3551 as implemented by U.S.S.G. § 5E1.2(a). For the reasons stated below, we affirm Mr. Holloway's sentence.

I

BACKGROUND

A. Facts

In January 1990, Mr. Holloway was called to sit on a federal grand jury in the

Northern District of Indiana, Fort Wayne Division. He and his fellow grand jurors took an oath to maintain the secrecy of the grand jury proceedings and its investigations. On or about June 30, 1990, and again on July 10, 1990, Mr. Holloway violated this oath by discussing an ongoing federal drug investigation with a person who turned out to be a confidential government informant.[1] This conversation eventually reached the ears of law enforcement officials, and as a result of his breach of secrecy, on November 6, 1991, Mr. Holloway was indicted on two counts of criminal contempt in violation of 18 U.S.C. § 401.[2] Pursuant to a plea agreement in which the government agreed to drop Count One of the indictment, Mr. Holloway pled guilty to Count Two on January 14, 1992.

## B. District Court Proceedings

The district court accepted Mr. Holloway's guilty plea and calculated his sentence under the Sentencing Guidelines. Because Mr. Holloway does not contest the actual calculation of his sentence, we shall not address the district court's findings on that issue. Instead, we shall set forth the facts pertinent to the district court's decision to sentence Mr. Holloway to probation and home confinement.

In determining Mr. Holloway's sentence, the district court initially looked to U.S.S.G. § 2J1.1, the sentencing guideline for contempt convictions. However, § 2J1.1 makes clear that, because of the wide variety of circumstances in which contempt can occur, the Sentencing Commission provided no specific guideline calculation for this offense. U.S.S.G. § 2J1.1, Application Note.[3] Instead, the section refers a sentencing court to § 2X5.1. Section 2X5.1 states, inter alia, that, for any offense for which no specific guideline has been promulgated, the most analogous offense guideline should be applied. Following this directive, the district court applied § 2J1.2, the obstruction of justice guideline, as the most analogous. This section does not provide for a situation in which the defendant lacks the intent to obstruct justice. Therefore, the district court departed downward from the stated sentencing range because Mr. Holloway had not intended to obstruct justice or to hamper a federal investigation when he broke his oath of secrecy. 789 F.Supp. 957. The court also reduced Mr. Holloway's offense level on the basis of his acceptance of responsibility. The foregoing steps produced an offense level of four and criminal history category of I; therefore, while incarceration was not required under the Guidelines, a sentencing range of zero to six months' imprisonment was appropriate.

The district court believed that, under the contempt statute, the punishments listed are disjunctive. Thus, the court thought it was constrained to sentence Mr. Holloway to either a fine or imprisonment, but not both. See 18 U.S.C. § 401. At his sentencing hearing, however, Mr. Holloway argued that the district court was prohibited from imposing any sentence other than a fine. He pointed out that the Sentencing Guidelines require imposition of a fine in all cases unless the defendant establishes that he is presently and will be unable in the future to pay a fine. U.S.S.G. § 5E1.2(a).[4] Mr. Holloway submitted that, because a fine is required under the Guidelines and because the contempt statute does not allow both imprisonment and a fine, the district court could impose only a fine; it could not imprison him for his crime.

1. Mr. Holloway had access to information about the investigation solely through his service as a grand juror.

2. *See infra* p. 372 for text of the statute.

3. The Application Note to U.S.S.G. § 2J1.1 states that

[b]ecause misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependent, the Commission has not provided a specific guideline for this offense.

4. *See infra* p. 372 for text of the guideline. We also note that Mr. Holloway made no attempt to demonstrate to the district court that he was unable to pay a fine.

The district court disagreed. It stated that, in promulgating the Sentencing Guidelines, the Sentencing Commission could not have intended to eliminate entirely a sentencing court's discretion to choose a penalty under the contempt statute. The district court did not agree that the Sentencing Guidelines foreclose a court from sentencing an individual guilty of contempt to a term of imprisonment. The court specifically stated that "as a matter of law, which I think is what it would have to be, that Section 5E1.2(a) of the guidelines does not operate so as to prohibit imprisonment for willful disobedience of a court order in all circumstances." Tr. Vol. III at 85. Thus, the district court believed that it retained the discretion to choose either a fine or imprisonment, but could not impose both punishments for a single violation of § 401.

In determining Mr. Holloway's sentence, the district court emphasized that Mr. Holloway had committed a serious offense, one that could have jeopardized the safety and effectiveness of various undercover operations. However, considering the amount of sensitive information that Mr. Holloway had gained through his service as a grand juror, the court also believed that it would be unwise to incarcerate him in a federal penitentiary. Thus, the court sentenced Mr. Holloway to two years' probation with seven days to be served in home confinement.

## II

### ANALYSIS

■ Pursuant to the jurisdiction granted under 18 U.S.C. § 3742, this court reviews criminal sentences for violations of law and for misapplications of the Sentencing Guidelines. Questions of law relating to a sentencing decision are reviewed de novo. *United States v. Boyer*, 931 F.2d 1201, 1204 (7th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991). Legal determinations made by a district court in the process of interpreting a statute are also subject to de novo review. *United States v. Montoya*, 827 F.2d 143, 146 (7th Cir.1987). The question presented in this appeal is one of first impression for this court. It requires that we determine the correct interaction among two statutory provisions and a sentencing guideline provision: 18 U.S.C. § 401 states that

> [a] court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—
>> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>> (2) Misbehavior of any of its officers in their official transactions;
>> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 3551 states in part that

> (a) In general.—Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter ...
> (b) Individuals.—An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
>> (1) a term of probation as authorized by subchapter B;
>> (2) a fine as authorized by subchapter C; or
>> (3) a term of imprisonment as authorized by subchapter D.
> A sentence to pay a fine may be imposed in addition to any other sentence....

U.S.S.G. § 5E1.2(a) states that for individual defendants

> [t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.

More concretely, we must decide whether Mr. Holloway was incorrectly sentenced under the Guidelines and in violation of 18 U.S.C. § 401. As he did in the district court, Mr. Holloway submits that the district court erred by sentencing him to probation and confinement. In Mr. Holloway's view, U.S.S.G. § 5E1.2(a) requires

that a fine be imposed in all cases. Because § 401 provides that a district court may impose *either* a fine *or* confinement, but not both, he argues that only a fine may be imposed for a contempt conviction.

The government, on the other hand, invites our attention to 18 U.S.C. § 3551, which deals generally with authorized sentences for criminal offenses. It was enacted as part of the Sentencing Reform Act of 1984 at the same time that Congress authorized the Sentencing Guidelines. Section 3551 does state, as the government emphasizes, that "[a] sentence to pay a fine may be imposed in addition to any other sentence." The government submits that this language constitutes a pro tanto repeal of the disjunctive sentencing provision of the criminal contempt statute. *See* 18 U.S.C. § 401. In other words, through § 3551, Congress has demonstrated its intent to amend § 401 and thereby allow punishment by fine, imprisonment, or both for a single contempt violation. Thus, the government submits that, in enacting § 3551, Congress intended to effect a sentencing policy alteration by allowing the imposition of a fine as a potential component of every criminal sentence.

In our view, both Mr. Holloway's and the government's arguments suffer from the same weakness: neither recognizes that U.S.S.G. § 5E1.2(a) cannot stand alone, isolated from the *entirety* of its enabling legislation and other sections of the criminal code. More precisely, neither submission takes into account the limitations that 28 U.S.C. § 994 *and* 18 U.S.C. § 3551(a) place upon the mandatory fine provision of the Sentencing Guidelines.

■ We begin with 28 U.S.C. § 994 which, in setting forth the duties of the Sentencing Commission, mandates, inter alia, that the Commission shall promulgate sentencing guidelines that are consistent with *all* pertinent provisions of titles 18 and 28 of the United States Code. Therefore, the Sentencing Guidelines cannot

trump the edicts of the federal criminal statutes.[5] Therefore, the language of both § 3551 and § 401 must be taken into account before we can accept either Mr. Holloway's argument that only a fine may be imposed for a criminal contempt conviction or the government's contention that both imprisonment and a fine may be imposed under the contempt statute.

■ Section 3551(b) does state that a fine may be imposed in addition to any other sentence. However, § 3551(a) limits the application of the remainder of that statute and the rest of the chapter dealing with criminal sentences. Defendants are to be sentenced in accordance with the chapter "[e]xcept as otherwise specifically provided." § 3551(a). Such a specific provision appears in 18 U.S.C. § 401. The language of § 401 specifically provides that punishments for contempt must be disjunctive; both imprisonment and a fine may not be imposed for a single offense. Thus, the mandate of § 3551(b) that fines may be imposed in addition to any other sentence cannot apply to violations of § 401.

■ It is important to note that, at the time § 3551 was enacted, Congress repealed many sections of the criminal code that were incompatible with the new sentencing scheme of the Sentencing Guidelines. However, nowhere in the Sentencing Reform Act of 1984, did Congress repeal, amend, or otherwise specifically negate the continuing vitality of disjunctive sentencing. Two other criminal statutes employ the disjunctive sentencing method found in § 401. Both 18 U.S.C. § 1705 (regarding destruction of mailboxes or mail) and 18 U.S.C. § 1916 (regarding unauthorized government employment or disposition of lapsed appropriations) also provide for either a fine or imprisonment, but not both punishments for a single offense. Congress left all of these disjunctive sentencing statutes intact. Repeals by implication are disfavored. *Rodriguez v. United States*, 480 U.S. 522, 524, 107 S.Ct. 1391,

---

**5.** Indeed, statutory maximum and minimum limits provide the outer bounds for sentences, even when a sentence calculated under the Guidelines is contrary to those specified amounts. U.S.S.G. § 5G1.1; *United States v. Schuster*, 948 F.2d 313, 314 (7th Cir.1991); *United States v. Macias*, 930 F.2d 567, 571 (7th Cir.1991).

1392, 94 L.Ed.2d 533 (1987) (per curiam); *Randall v. Loftsgaarden,* 478 U.S. 647, 660, 106 S.Ct. 3143, 3151, 92 L.Ed.2d 525 (1986). Thus, because the Guidelines cannot contradict the criminal statutes, § 5E1.2(a) must also give way to the sentencing exception provided in § 3551.

Because § 401 states that punishments may only be disjunctive, the mandatory fine provision in the Guidelines cannot be given effect; to do otherwise would contravene the language of both § 3551(a) and § 401.[6] Therefore, if a sentencing court assesses the context in which an offense of contempt has occurred and decides that imprisonment is the appropriate penalty for the crime, the court is not required also to impose a fine. Indeed, it cannot. The court must choose between imprisonment or fine unless Congress amends § 401. By virtue of § 3551(a), the disjunctive sentencing provision in § 401 is not impliedly repealed, but remains intact.

### Conclusion

For the foregoing reasons, Mr. Holloway's sentence is affirmed.

AFFIRMED.

---

**6.** As noted above, the question presented here is one of first impression for this court. The Eleventh Circuit, however, has recently been confronted with this same issue. In *United States v. White,* the Eleventh Circuit concluded that the language of 18 U.S.C. § 401 is controlling over the mandatory fine provision in U.S.S.G. § 5E1.2(a). 980 F.2d 1400, 1401 (11th Cir.1993). The court premised its holding on the principle that the Guidelines cannot authorize imposition of a fine in the face of contrary express statutory authority. *Id.* It found that § 401 was such authority. The court's truncated analysis prevents us from discerning whether the court followed precisely the same analytical path as the one we utilize today. The *White* court did not address § 3551(a) and the exception noted there.

Our colleagues on the Fifth Circuit stated an opposite conclusion, albeit in dicta, in an early case. *See United States v. Holmes,* 822 F.2d 481, 495–96 (5th Cir.1987). In *Holmes,* the court said that Congress implicitly repealed the disjunctive sentencing provision in § 401 when it enacted § 3551(b). The court did not examine the language in § 3551(a). Like the Eleventh Circuit, we do not find *Holmes* to be persuasive.