**Robert CALDWELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 93–71705, 92–80123–2.**

United States District Court,
E.D. Michigan, S.D.

Jan. 4, 1994.

Robert Caldwell, in pro. per.

Alan Gershel, U.S. Atty. by Ken Chadwell, Asst. U.S. Atty., Detroit, MI, for defendant.

*ORDER GRANTING DEFENDANT CALD-WELL'S MOTION FOR MODIFICA-TION OF SENTENCE*

GADOLA, District Judge.

Plaintiff Robert Caldwell (hereinafter "Defendant") was sentenced on August 14, 1992 to a 33–month term of imprisonment. On April 23, 1993, defendant filed the instant

---

motion pursuant to 28 U.S.C. § 2255, seeking to have his sentence modified to run concurrently with an undischarged term of imprisonment to which he was subject at the time of this court's sentencing. Defendant United States of America ("the Government") filed a brief in response August 27, 1993. On September 29, 1993, defendant Caldwell filed a reply.

## I. Facts

On May 22, 1992, defendant pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846. At the time defendant committed the crime, he was on parole for a 1986 federal conviction that carried a maximum 7–year sentence. Defendant had actually served 54 months of the 84–month sentence and was credited with 30 months for good behavior.

For defendant's 1992 conviction, the Guidelines called for a sentence of between 33 and 41 months. Under guidelines 4A1.1(d), 4A1.1(e) and 4A1.2, defendant was given a total increase of three points for committing the crime while under a criminal justice sentence (two points) and for doing so within two years of release from prison (one point). Defendant was also given a three-point criminal history increase for the 1986 conviction for which he was on parole.

Defendant entered his plea in accordance with a Rule 11 plea agreement which provided that the term of imprisonment would not exceed 33 months. In accordance with the plea agreement, defendant was sentenced by this court on August 14, 1992 to a 33–month term of incarceration. The court did not address the issue of whether defendant's sentence was to run concurrently or consecutively with the remainder of his prior sentence.

On or about March 3, 1992, the United States Probation Office requested and received a parole violator warrant from the United States Parole Commission. The warrant cites defendant for the same criminal conduct involved in the May 22, 1992 conviction. Pursuant to this warrant, a parole revocation action was ordered requiring defendant to serve 21 months consecutive to his 33–month term. Thus, defendant's total term is presently set to be 54 months.

## II. Analysis

The defendant argues that the court is required by Guideline 5G1.3(b) to order that his sentence run concurrently with the unexpired sentence to which he was subject at the time he committed the offense.[1] The Government argues that the defendant's sentence is not covered by 5G1.3 because defendant "completely served" his sentence.

■ The Sentencing Commission failed to consider the interplay between the Parole Commission Guidelines and the Sentencing Guidelines in cases where a defendant has committed a crime while on parole. *United States v. Weaver,* 920 F.2d 1570, 1575 (11th Cir.1991); *United States v. Molena,* 788 F.Supp. 158, 159 (S.D.N.Y.1992); *United States v. Bell,* 716 F.Supp. 1207, 1214 (D.Minn.1989), *approved by United States v. Stewart,* 917 F.2d 970, 974 (6th Cir.1990). Thus, neither 5G1.3 nor any other guideline applies to defendant's case.

Nevertheless, the court finds that defendant is entitled to relief because his combined sentence of 54 months exceeds the 41–month maximum provided for by the Guidelines. Defendant essentially is being pun-

---

1. Guideline 5G1.3 reads as follows:
   *Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment*
   (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
   (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted

from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
   (c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

ished twice: once by the Guidelines which add points to a paroled defendant's sentence under the criminal history category and also under Ch. 4, Pt. A dealing with crimes committed while under a criminal justice sentence, and a second time by the Parole Commission. Such "double-counting" is unfair where as here the second sentence is imposed under the Guidelines and the first sentence is regulated by the Parole Commission. *See Weaver*, 920 F.2d at 1575; *Molena*, 788 F.Supp. at 159.

One of the principal reasons Congress adopted the sentencing guidelines was to achieve uniformity in sentencing. Under the former system, the parole commission and the parole guidelines—not the announced sentence—in fact determined the period of confinement. [Citations omitted]. The initial confinement period determined by the parole board shortly after a prisoner's arrival is the functional equivalent of what the district court now does at the sentencing hearing under the Sentencing Guidelines. The principal feature which distinguishes the two systems is that now, with one exception, the period of confinement announced by the court is the sentence the offender will serve. Arguably, the parole board's ability to modify a confinement period represents the sort of arbitrariness rejected under the Sentencing Guidelines. Since the guidelines do not consider the parole eligibility extension [or rather the revoking of that eligibility] in the sentencing calculation, we hold that it is permissible for a district court to depart from the guidelines to account for the parole commission's extension of a prisoner's parole range.

*Weaver*, 920 F.2d at 1575–76.

In the instant case, the Guideline range of 33 to 41 months for defendant's 1992 conviction already considers and accounts for both defendant's status as a recidivist and the fact that he committed the crime while on parole. Under the reasoning of *Weaver*, the Parole Commission's imposition of a consecutive sentence of 21 months constitutes a form of

double-counting that was specifically rejected by the Guidelines because it results in a total sentence that exceeds the maximum sentence called for by the Guidelines. Under circumstances such as these, the proper method of modifying the sentence is either to make a downward departure from the Guidelines (*Weaver*, 920 F.2d at 1575–77), or to make the sentence for the crime run concurrently with the prior sentence (*Bell*, 716 F.Supp. at 1214.).

■ In this case, the Guidelines called for a sentence no greater than 41 months. The combined sentence defendant presently is under is 54 months, a significant increase over the Guidelines. In order that defendant not serve in excess of the 41–month Guidelines maximum, the court shall make a downward departure in defendant's 33–month sentence.[2] The modified sentence shall be 20 months to run *consecutively* to the Parole Commission's 21–month sentence. Thus, defendant's total time served shall be 41 months.

### *ORDER*

Therefore, it is hereby **ORDERED** that defendant's motion to modify or correct his sentence is **GRANTED**.

It is further **ORDERED** that defendant's 33–month sentence is modified and reduced to twenty (20) months to run **CONSECUTIVELY** to the 21–month sentence imposed by the Parole Commission.

**SO ORDERED.**

---

2. The Rule 11 plea agreement called for imposition by this court of a sentence of no greater than 33 months. The agreement did not address the issue of whether that sentence was to run concurrently or consecutively with the sentence imposed by the Parole Commission.