978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benny Orlando SMITH, Defendant-Appellant.
 No. 92-5216.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Benny Orlando Smith challenges the sentences imposed by the district court following his guilty plea convictions to two counts of passing forged treasury checks in violation of 18 U.S.C. § 495. On appeal, the sole issue is whether the district court erred in determining that Smith's eighteen-month federal sentence should run consecutive to, rather than concurrently with, his prior state sentence of seventeen and one-half years. For the reasons that follow, we affirm.
 
 I.
 
 2
 On September 5, 1991, an indictment was returned charging defendant with two counts of intent to defraud the United States by passing, uttering, and publishing United States Treasury checks in violation of 18 U.S.C. § 495. On November 26, 1991, defendant pled guilty to negotiating two United States Treasury checks with forged endorsements. The first check, negotiated on March 26, 1990, was payable to Mabel N. Hastings in the amount of $561.00. The second check, negotiated on April 3, 1990, was payable to Michelle L. Pittman in the amount of $300.00. Defendant admitted that he had obtained information concerning negotiating checks on the checking account of Stacey B. Stephens at the Mid-South Bank and Trust Company of Murfreesboro, Tennessee. Smith also admitted using a split-deposit method to negotiate the checks. Defendant would deposit part of the proceeds of the checks to Stephens' account and would retain the remainder of the proceeds in cash. When the Hastings check was negotiated, $261.00 was deposited to Stacey B. Stephens' account and $300.00 in cash was retained by the depositor, who was subsequently identified as defendant. When the Pittman check was negotiated, $142.00 was deposited to Stacey Stephens' account, and $158.00 was withdrawn in the form of a money order made payable to defendant.
 
 
 3
 When defendant was interviewed by government agents, he admitted at the initial interview that he obtained the Stephens bank account information from items he took from a car. He also admitted the subsequent theft, forgery, and negotiation of the Pittman check. However, he denied any involvement with the Hastings check. A laboratory analysis of the Hastings check revealed the print of defendant's right middle finger and his right palm print on the back of the check.
 
 
 4
 At the time of his sentencing in this case, defendant was serving an unexpired state sentence in Tennessee of seventeen and one-half years. Both parties agreed with the court at sentencing that defendant's prior convictions were unrelated to this case.
 
 
 5
 Based upon the information in the presentence investigation report, the district court found that defendant's total offense level was six and that his criminal history score placed him in category VI, which resulted in a sentencing guideline range of 12 to 18 months imprisonment.
 
 
 6
 Relying on 18 U.S.C. § 3584 and U.S.S.G. § 5G3.1 (Nov. 1991), defendant argued at sentencing that under the guidelines, his federal sentence should run concurrently with the state sentence because had he been sentenced in federal court for all of his crimes, the total incremental sentences he would have received would have been 30 to 37 months, much less than his seventeen and one-half year state sentence. The district court rejected defendant's argument as well as the government's argument for an upward departure and sentenced defendant to eighteen months incarceration on each of the two counts, the sentences to run concurrently with each other and consecutively with defendant's state sentence. This timely appeal followed.
 
 II.
 
 7
 Defendant argues that the eighteen-month sentences of incarceration imposed by the district court should have been ordered to run concurrently rather than consecutively with his prior, unexpired seventeen and one-half year sentence imposed by the State of Tennessee. Defendant asserts that the resolution of this issue involves review of the sentencing statute, Title 18 U.S.C. § 3584, and U.S.S.G. § 5G1.3, as amended effective November 1, 1991, in order to reconcile the apparent conflict between the statute and the guidelines. The determination of this issue involves a question of law and, therefore, must be reviewed de novo. See United States v. Levy, 904 F.2d 1026, 1029 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). However, sentencing decisions of the district court are to be reviewed under an abuse of discretion standard. See United States v. Richardson, 949 F.2d 851, 859 (6th Cir.1991); United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990).
 
 18 U.S.C. § 3584 states in relevant part:
 
 8
 (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
 
 
 9
 (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
 
 
 10
 Under 18 U.S.C. § 3553(a), the factors to be considered by the district court in imposing a sentence are:
 
 
 11
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 
 
 12
 (2) the need for the sentence imposed--
 
 
 13
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 
 
 14
 (B) to afford adequate deterrence to criminal conduct;
 
 
 15
 (C) to protect the public from further crimes of the defendant; and
 
 
 16
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 
 
 17
 (3) the kinds of sentences available;
 
 
 18
 (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) and that are in effect on the date the defendant is sentenced;
 
 
 19
 (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
 
 
 20
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 
 
 21
 (7) the need to provide restitution to any victims of the offense.
 
 
 22
 The provision of the guidelines which both parties agree is applicable to this case, U.S.S.G. § 5G1.3(c), states:
 
 
 23
 In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.
 
 
 24
 U.S.S.G. § 5G1.3(c) (Nov. 1991). The commentary to section 5G1.3 states in relevant part:
 
 
 25
 ... To the extent practicable, the court shall impose a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time. Where the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines. It is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process.
 
 
 26
 U.S.S.G. § 5G1.3, comment. (n. 4) (Nov. 1991) (emphasis added).
 
 
 27
 Defendant argues that using the methodology set forth in U.S.S.G. § 5G1.3, he calculated that the appropriate incremental punishment had he been sentenced at one time in federal court on both the Tennessee and federal charges would have been 30-37 months. Appellant's Brief, pp. 8-9. Accordingly, defendant asserts that because his seventeen and one-half year Tennessee sentence is far in excess of the appropriate punishment of 30 to 37 months mandated by the Sentencing Guidelines, the district court should have made his federal sentence concurrent rather than consecutive to his state sentence.
 
 
 28
 This court has previously examined the question of whether, under 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3, a trial court retains discretion to impose a concurrent sentence on an offender who commits a crime while serving an unexpired sentence for an unrelated offense. In United States v. Stewart, 917 F.2d 970 (6th Cir.1990), we held that although 18 U.S.C. § 3583 and U.S.S.G. § 5G1.3 are facially inconsistent because in specified circumstances section 5G1.3 requires consecutive sentences, the two provisions can be reconciled and that under 18 U.S.C. § 3584, the trial court retains discretion to avoid the requirement of consecutive sentences and can order concurrent sentences by following the procedures set forth for departures in the Sentencing Guidelines. Id. at 973-974.
 
 
 29
 In Stewart, the district court judge indicated on the record that he felt he had no discretion to order a concurrent sentence. Id. at 971. That is not the situation in this case, however. Here, the district court listened to the defendant's arguments for a concurrent sentence and rejected them. Moreover, the district court not only rejected defendant's arguments for a concurrent sentence, it made an explicit statement of its reasons for imposing a consecutive sentence. Thus, unlike the situation in Stewart, the district court in the present case believed it had the discretion to order concurrent sentences but exercised its discretion in ordering that defendant's sentences be consecutive to the state sentence.
 
 
 30
 The district court noted that it had rejected the government's request for an upward departure with regard to defendant's sentences. However, the district court noted that although it rejected the request, defendant's criminal history category of VI did not fairly reflect defendant's criminal history. According to the district court, it rejected the request for an upward departure because defendant's criminal history did not show a tendency or traits related to violence. Nevertheless, the district court judge noted that defendant was previously convicted in 1986 in the very same district court of dealing with stolen government checks, and that at that time, he was given the benefit of the doubt and was given a federal sentence to run concurrent with a state sentence that he was then serving.
 
 
 31
 The district court further stated that the 1986 conviction was apparently insufficient to teach defendant to stay away from government checks. Therefore, the district court found that while this was not such an atypical case which would justify an upward departure from the applicable sentencing guideline range, given defendant's extensive prior criminal history, the appropriate sentence could be reached by sentencing defendant within the applicable guideline range of 12 to 18 months and making the sentence consecutive to defendant's present state sentence. Finally, the district court reiterated that its primary reason for the sentence imposed was that the sentence imposed by the district court in 1987 for forgery of United States Treasury checks, which was imposed concurrently with a preexisting state sentence, did not accomplish what it should have accomplished.
 
 
 32
 In addition, the district court also indicated on the record at sentencing that although the defendant was serving a seventeen and one-half year state sentence, there was a discount factor present on that sentence, and the court had not been furnished with the actual state judgment and commitment order. At that point, defense counsel indicated to the court that defendant's projected parole date for the Tennessee sentence was November 1994.
 
 
 33
 In this case, the presentence report confirms the district court's statement about defendant's extensive criminal record. Moreover, defendant has at least four prior convictions involving either forgery or passing of stolen checks or both. [See J.A. pp. 27-31, paragraphs 25, 29, 30, 34.] Given the defendant's extensive criminal record, including four offenses similar to the present offense, we hold that the district court did not abuse its discretion in denying defendant's request to make the present federal sentence concurrent with his unexpired state sentence.
 
 III.
 
 34
 For the reasons stated, the sentences imposed by the district court are AFFIRMED.