UNITED STATES of America, Plaintiff–Appellee,

v.

Mack DEVANEY, Defendant–Appellant.

No. 92–5645.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 22, 1993.

Decided and Filed April 26, 1993.

Michael J. Mitchell, Asst. U.S. Atty. (briefed), Jerry G. Cunningham, U.S. Atty., Ed Schmutzer, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Knoxville, TN, for plaintiff-appellee.

Mack Devaney, pro se.

Tim S. Moore (argued and briefed), Newport, TN, for defendant-appellant.

Before: JONES and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.

WELLFORD, Senior Circuit Judge.

Mack Devaney appeals his sentence following a Rule 11 plea agreement concerning his unlawful possession of a firearm as a convicted felon. More specifically, the government charged Devaney with

making a false statement to a firearms dealer in connection with the acquisition of a firearm, an offense punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, that is, a firearm; that is, one loaded Browning model 425RV .380 caliber semiautomatic pistol, serial number 07361,

in violation of Title 18 United States Code, Section 922(G)(1) and 924(A)(2).

Joint Appendix 20.

When called upon by the sentencing judge at the Rule 11 hearing to set forth the government's case, the prosecutor first referred to a 1991 Tennessee state court indictment charging defendant with the theft of a boat valued at more than $1,000 and an "attempt to commit aggravated robbery." The latter state offense centered around the arrest and the finding of Devaney's possession of a concealed (and loaded) weapon, which purportedly was involved in travel, "effecting interstate commerce." Joint Appendix 21. A further reference was made to defendant's prior 1990 conviction in federal court of making a false statement to a federal firearms dealer. Devaney expressed no disagreement with the government's summary of his recent record of offenses, both federal and state, nor to the fact that he was on parole at the time of the federal offense at issue.

The district court inquired as to whether Devaney understood that his guilty plea to the federal offense was "not going to help [his] potential of getting out of the state institution on early release," and Devaney responded affirmatively. The district court also advised that his sentence "could be enhanced or increased due to any prior convictions."

Following acceptance of the plea agreement, the district court revoked the previous sentence and imposed a new sentence which made no reference to whether the federal sentence would run concurrent with, or consecutive to, his state sentence. The sentence imposed was within the guideline range. It is the consecutive or concurrent aspect of the federal sentence [1] that is challenged on this appeal.

After imposition of sentence and a brief recess, defendant's counsel raised the issue of whether the federal sentence could be served concurrently with the state sentence. The following exchange took page:

DEFENSE COUNSEL: Your Honor, I guess a point of clarification—and if I am wrong on it we would request it, is the running of this time with the state charges.

I understand from the probation office that his state sentence that he is serving now would run through the summer of 1995. . . . We are asking that the federal sentence run concurrent with that.

THE COURT: *I don't see how I can do that.*

DEFENSE COUNSEL: So it would be consecutive then?

THE COURT: Yes.

(emphasis added).

◼ Devaney's principal argument is that the district court ordered the sentence to run consecutively because it was under the mistaken assumption that it had no discretion to order the federal sentence to run concurrently with the state sentence. To support this conclusion, the defendant points to (1) the prosecution's statement that Devaney had been cooperative, and (2) the court's statement emphasized above: "I don't see how I can do that."

Based upon the overall context of the sentencing hearing, however, we are not persuaded that the district judge was operating under a misapprehension that the federal sentence was mandated to be a consecutive one. We think the more reasonable inference is that the judge simply meant that, under the circumstances, he believed a concurrent sentence was inappropriate.

The parties agree that the sentencing judge had discretion to order the sentences to run concurrently, had he thought it appropriate. 18 U.S.C. § 3584. Since we conclude that there is no basis to assume that the district court judge felt he lacked authority to order a concurrent sentence, the only remaining question is whether he abused his discretion by not doing so.

◼ There is ample indication in the record that the district court considered the proper factors and circumstances when addressing Devaney's sentence. Title 18, United States Code § 3553 outlines several factors judges should consider when determin-

---

**1.** Judge Jordan observed that the sentence "will afford adequate deterrence and provide just pun-ishment."

ing a proper sentence, including "just punishment" and "adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(2)(A), (B). Twice during sentencing, Judge Jordan indicated that the sentence imposed would "afford an adequate deterrence and provide just punishment." During the same discussion, the judge noted that the sentence should run consecutively. Ordering the sentence to run concurrently would have reduced the federal sentence by nearly three-fourths in favor of a defendant who had been on parole when he committed the offense. Therefore, we think it clear that the district judge exercised his discretion with respect to ordering consecutive sentences.

■ Decisions whether to order consecutive or concurrent sentences are reviewed for abuse of discretion. *United States v. Brown*, 920 F.2d 1212, 1216–17 (5th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2034, 114 L.Ed.2d 119 (1991); *see also United States v. Draper*, 888 F.2d 1100, 1105 (6th Cir.1989) (employing abuse of discretion standard in downward departure case).

Section 5G1.3 of the United States Sentencing Guidelines applies when the court must impose a sentence on a defendant "subject to an undischarged term of imprisonment." In cases such as this, the guideline requires that "the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." USSG § 5G1.3(c). Devaney does not contend that either the 44 month original sentence or the four month add-on sentence exceeded the limits imposed by the sentencing guidelines, nor was the sentence unreasonable under the circumstances.

We note, moreover, that Devaney made no motion for modification of the sentence, following its entry, on the grounds that the district court misunderstood its authority to direct it to be served concurrently with the state sentence. Consequently, we AFFIRM the district court's order that the federal sentence should run consecutively with the state sentence.

NATHANIEL R. JONES, Circuit Judge, dissenting.

Because I find that it is not clear from the record whether the district court knew it had the discretion to order that Mack Devaney's federal sentences run concurrently with his state sentence, I would remand the case to the district court for further proceedings. As a result, I dissent.

The transcript from the sentencing hearing shows that the following took place. First, the court sentenced Devaney. When the court sentenced Devaney for both the firearm charge and for violation of probation, it mentioned that the federal sentences imposed will afford "adequate deterrence and provide just punishment." J.A. at 35, 37.[1] Second, the court stated that the federal sentences were to run consecutive with each other. After sentencing Devaney, the court stated:

> The defendant is currently serving a state sentence. It is ordered that a detainer be lodged against him and upon his release form [sic] state custody that he be remanded to the custody of the United States Marshal Service.

*Id.* at 38–39. Soon thereafter, the court recessed. At some later point, the case was reconvened and the following dialogue took place:

> MR. HOUSER [Defendant's counsel]: In the Mack DeVaney case, we had maybe a point of clarification and/or a request.
> THE COURT: All right.

---

1. With regard to the firearms violation, the sentencing court stated, in pertinent part:
   ... defendant, Mack DeVaney, is hereby committed to the custody of the Bureau of Prisons for a term of 44 months in CR 3–91–105. This term is at the middle of the guideline range. This sentence will afford adequate deterrence and provide just punishment.
   J.A. at 35. With regard to the probation violation, the court stated, in pertinent part:

   ... defendant, Mack DeVaney, is hereby committed to the custody of the Bureau of Prisons for a term of imprisonment of four months. Again this term is in the middle range of the guideline range. The sentence will afford an adequate deterrence and provide just punishment. This sentence will be consecutive to the sentence in CR 3–91–105.
   *Id.* at 37.

MR. HOUSER: Your Honor, I guess a point of clarification—and if I am wrong on it we would request it, is the running of this time with the state charges.

I understand from the probation office that his state sentence that he is serving now would run through the summer of 1995.

MR. DEVANEY: That is right.

MR. HOUSER: That is correct according to Mr. DeVaney and Ms. Candela, and we are asking that the federal sentence run concurrent with that.

*THE COURT: I don't see how I can do that.*

MR. HOUSER: So it would be consecutive then?

THE COURT: Yes.

MR. HOUSER: Very well.

THE COURT: Thank you.

*Id.* at 39–40 (emphasis added). After this dialogue, the matter was adjourned.

Based on the hearing, it is plausible that the district court did not think that it could impose a federal sentence concurrent with a state sentence. However, it is just as plausible that it did know that it had that option.

The court's earlier comments—"adequate deterrence" and "just punishment"—may indicate that the court recognized that the federal sentences could be imposed concurrently or consecutively with the state sentence. It could be that the court thought the federal sentences should run consecutive to any state sentence in order to adequately punish and deter Devaney for his current federal violations. Or the comments could have meant simply that, in light of the applicable guideline range, the sentences are reasonable.

The court's later statement makes it more difficult to determine whether the court knew it had the discretion to impose concurrent or consecutive sentences. When the court was specifically asked about the possibility of having the sentences run concurrently, the court's response—"I don't see how I can do that"—may indicate that it did not know that it had that option. The government argues, however, that the statement does not reflect that the court was laboring under a mistaken impression of its sentencing discretion. The government argues that the court was merely informing Devaney that it was not going to give him what he was asking for. Again, both ways of viewing the statement seem plausible.

The Sixth Circuit has previously dealt with whether a district court recognized that it had the discretion to impose concurrent or consecutive sentences. In *United States v. Stewart*, 917 F.2d 970, 971 (6th Cir.1990), the district court had indicated on the record, more than once, that it ordered a consecutive sentence because it felt it had no discretion to order a concurrent sentence. Because the district court explicitly and repeatedly stated that it had no discretionary authority to impose concurrent sentences, this court remanded the case so that the district court could utilize its discretion. *Id.* at 973. In *United States v. Smith*, No. 92–5216, 1992 WL 317178, at *4, 1992 LEXIS 28888, at *10 (6th Cir. Oct. 27, 1992), "the district court listened to the defendant's arguments for a concurrent sentence and rejected them. Moreover, the district court not only rejected defendant's arguments for a concurrent sentence, it made an explicit statement of its reasons for imposing a consecutive sentence." That panel held that the district court recognized its discretionary authority and used it appropriately. *Id.*

Those two clear-cut cases show the foggy character of the record in this case. Nowhere did the court explicitly say that it had no discretion (although it did come close by saying "I don't see how I can do that"). However, nowhere did the court explicitly state that it realized that it had the discretion to impose concurrent sentences but refused to do so in this case. Because of the murky nature of this case, I would remand the case to the district court so that it could explicitly state whether it knew that it had the discretion to impose concurrent sentences. I find the benefit to the defendant could be potentially great and the inconvenience to the government would be minimal.