23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Ray McCALLUM, Defendant-Appellant.
 Nos. 92-6518, 93-6203.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: MERRITT, Chief Judge; KENNEDY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 In Case No. 92-6518, Douglas Ray McCallum appeals a conviction and sentence arising from his plea of guilty to four counts of aiding and abetting the knowing possession of firearms not registered in the Firearms Register and Transfer Record. 26 U.S.C. Sec. 5861(d) and 18 U.S.C. Sec. 2. The district court sentenced McCallum to thirty-eight months of imprisonment and three years of supervised release, and imposed a $200 special assessment. In Case No. 93-6203, McCallum appeals the denial of a motion--filed by him and not by the government--for remission of the special assessment. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McCallum's appellate counsel has filed a motion to withdraw and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). McCallum has filed a response to his counsel's motion to withdraw.
 
 
 3
 Upon review, we conclude that McCallum has waived consideration of his claims that: 1) the statute under which he was convicted is unconstitutional; 2) his conviction is unconstitutional due to excessive pre-trial delay; 3) he was entrapped by government agents into committing his crime; and 4) the district court improperly denied him a four-level decrease in his total offense level under the sentence guidelines for his minimal participation in the criminal conduct. As McCallum did not raise these issues in the district court, this court will not consider them for the first time on appeal. See United States v. Hunter, 993 F.2d 127, 128 (6th Cir.1993). McCallum's guilty plea waives the challenges to his conviction in any event. See generally Tollett v. Henderson, 411 U.S. 258, 261-67 (1973).
 
 
 4
 To the extent that McCallum alleges ineffective assistance of counsel because his counsel failed to raise these issues in the district court and improperly pressured him into pleading guilty, the claims are not cognizable on direct appeal because the record is inadequate to enable us to assess their merits. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993). These claims are more properly asserted in a motion to vacate filed pursuant to 28 U.S.C. Sec. 2255. Id.
 
 
 5
 The district court did not err in denying McCallum's motion for remission of the $200 special assessment, as only the government may petition for remission. See 18 U.S.C. Sec. 3573; see also United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990).
 
 
 6
 Nonetheless, we determine that resentencing is required. At sentencing, McCallum's counsel requested the court to order that the federal sentence run concurrently with a state sentence McCallum was serving. The district court denied the request, apparently because it thought it lacked the authority to order that the sentence run concurrently.
 
 
 7
 If the federal sentencing court deems it appropriate, however, it is within the discretion of the court to order that the sentences run concurrently. See 18 U.S.C. Sec. 3584; United States v. Coleman, 15 F.3d 610 (6th Cir.1994); Hunter, 993 F.2d at 129-30; United States v. Devaney, 992 F.2d 75, 76-77 (6th Cir.), cert. denied, 114 S.Ct. 237 (1993); see also U.S.S.G. Sec. 5G1.3(c). We must therefore remand this case to let the district court exercise its discretion as to whether McCallum's federal sentence should run concurrently with or consecutively to his state sentence.
 
 
 8
 Accordingly, we grant counsel's motion to withdraw, affirm the conviction, vacate the sentence, and remand to the district court for resentencing. Rule 9(b)(3), Rules of the Sixth Circuit.