64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard YARBROUGH, Defendant-Appellant.
 No. 94-6346.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: BOGGS and NORRIS, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Richard Yarbrough appeals his sentence, after a guilty plea, for being a felon in possession of a firearm. Yarbrough claims that the district court did not properly apply USSG Sec. 5G1.3(c) to his sentence. For the reasons set out below, we affirm.
 
 
 2
 * On April 3, 1992, police officers with the Knoxville, Tennessee, Police Department Narcotics Unit approached Yarbrough while he was standing in the area of Sherman and Texas streets in Knoxville. The officers went there on a tip that people were selling narcotics. The officers confronted Yarbrough and he fled on foot. Officer Terry Moyers chased Yarbrough through a residential neighborhood. During the chase, Yarbrough pulled a pistol from his pants and turned toward Moyers with the gun in his hand. Officer Moyers shot Yarbrough four times. Yarbrough sustained wounds through his right lower leg and right lower arm. Bullets also grazed his upper left leg and the fingers of his left hand.
 
 
 3
 A grand jury indicted Yarbrough, a previously convicted felon, for possessing a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). At the time of his arrest by federal authorities, Yarbrough was in the custody of the State of Tennessee in the Morgan County Correctional Facility for an unrelated parole violation.
 
 
 4
 Yarbrough pled guilty to being a felon in possession of a firearm on July 19, 1994. Yarbrough's Guideline range was forty-six to fifty-seven months. The district court imposed a term of forty-six months. This forty-six month sentence was to run concurrent with Yarbrough's state sentence for his parole violation from the date of the federal sentencing. The court also recommended that Yarbrough receive credit for any time already served in federal custody.
 
 
 5
 Yarbrough appeals this sentence. He claims that, had the district court properly applied USSG Sec. 5G1.3(c), a downward departure would have resulted. Yarbrough maintains that he should have received a downward departure under Sec. 5G1.3(c) to reflect "a reasonable incremental punishment."[2] At a minimum, Yarbrough contends, the district court should have provided its reasons, on the record, for rejecting his request.
 
 II
 
 6
 Yarbrough argues that the district court incorrectly computed his sentence. Specifically, Yarbrough complains that the record does not reveal the court's reasoning with respect to Sec. 5G1.3(c). Section 5G1.3(c) states:
 
 
 7
 (c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.
 
 
 8
 USSG Sec. 5G1.3(c). Though only a policy statement, this section is binding on the district court pursuant to Stinson v. United States, 113 S.Ct. 1913, 1917 (1993) ("The principle that the Guidelines Manual is binding on federal courts applies as well to policy statements.").
 
 
 9
 A district court has the discretion to impose consecutive or concurrent sentences pursuant to 18 U.S.C. Sec. 3584 and USSG Sec. 5G1.3, upon consideration of the factors listed in 18 U.S.C. Sec. 3553(a) and the applicable Guidelines and policy statements in effect at the time of sentencing. United States v. Coleman, 15 F.3d 610, 611-12 (6th Cir.1994); United States v. Hunter, 993 F.2d 127, 130 (6th Cir.1993); United States v. Devaney, 992 F.2d 75, 76-77 (6th Cir.), cert. denied, 114 S.Ct. 237 (1993). Yarbrough contends that the record on appeal must reflect the district court's reasoning with respect to 18 U.S.C. Sec. 3553(a) and any pertinent Guidelines.
 
 
 10
 Yarbrough's sentencing took place before the effective date (November 1, 1994) of the 1994 edition of the Guideline Manual. Therefore, the district court and the probation department used the 1993 edition of the Guidelines Manual in determining Yarbrough's sentence. Implicit in Yarbrough's argument is a claim that the district court should have used the 1992 edition of the Guideline Manual, even though the district court sentenced him according to the 1993 edition.[3] According to the Guidelines "The court shall use the Guidelines Manual in effect on the date the defendant is sentenced ... [unless] the court determines that [this] would violate the ex post facto clause of the United States Constitution." USSG Sec. 1B1.11(a) & (b)(1), (Policy Statement). See United States v. Cseplo, 42 F.3d 360, 362 (6th Cir.1994); United States v. Milton, 27 F.3d 203, 210 (6th Cir.1994), cert. denied, 115 S.Ct. 741 (1995). Yarbrough argues that the 1992 Guidelines Manual should apply because a later amendment would result in a harsher sentence. However, Yarbrough never objected to the presentence report's clear statement that the probation officer computed the sentence based on the 1993 edition of the Manual.
 
 
 11
 If a defendant fails to object to an error at sentencing, he waives his right to assert the error on appeal. United States v. Tosca, 18 F.3d 1352, 1355 (6th Cir.1994); United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993); United States v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992). The court may review an error (whether during trial or at sentencing) when the defendant made no objection only if it constitutes a "plain error" that affects the substantial rights of the defendant. Fed.R.Crim.P. 52(b); United States v. Sherrod, 33 F.3d 723, 724 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995).
 
 
 12
 Because Yarbrough never objected, we review solely for plain error the question of whether the district court used the correct edition of the Guideline Manual. This court has summarized the four-part analysis used in determining plain error: (1) whether an error occurred in the district court; (2) whether the error was plain; (3) whether the plain error affects substantial rights; and (4) whether to exercise the court's discretionary power under Rule 52(b), i.e., decide whether the plain error affecting substantial rights seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Segines, 17 F.3d 847, 852 (6th Cir.1994) (citing United States v. Thomas, 11 F.3d 620, 630 (6th Cir.1993), cert. denied, 114 S.Ct. 1570-71 (1994)).
 
 
 13
 On November 1, 1993, the Sentencing Commission added to the Guidelines the amendment that Yarbrough complains about. Application Note 4, governing USSG Sec. 5G1.3(c), states:
 
 
 14
 4. If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to be served consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.
 
 
 15
 USSG Sec. 5G1.3(c), comment. (n. 4). (emphasis added). Admittedly, application of this note might require a harsher sentence than the pre-amendment Guidelines, thereby creating an ex post facto problem. But the district court never used this application note. It is clear from the record that Yarbrough did not receive a consecutive sentence. To the contrary, the district court gave Yarbrough the concurrent sentence he sought. Therefore, any error by the district court certainly did not affect Yarbrough's substantial rights, and, in fact, was harmless.
 
 III
 
 16
 Having concluded that there was no plain error in the use of the 1993 Guideline Manual by the district court we now turn to the issue of whether, in light of those Guidelines (and not the 1992 Guideline Manual), Yarbrough has offered grounds for relief. He has not. Significantly, the cases cited by Yarbrough are factually distinguishable. See, e.g., United States v. Coleman, 15 F.3d 610 (6th Cir.1994) (Defendant's federal sentence was consecutive to a state sentence for unrelated parole violations); United States v. Hunter, 993 F.2d 127 (6th Cir.1993) (Defendant's federal sentence was consecutive to her state sentence).
 
 
 17
 Similarly, Yarbrough erroneously relies on an Eighth Circuit case. Yarbrough correctly notes that the Eighth Circuit held in United States v. Kiefer, 20 F.3d 874 (8th Cir.1994), that a district court could depart below the mandatory minimum in light of time served. However, Kiefer involves the application of USSG Sec. 5G1.3(b), not Sec. 5G1.3(c). In Kiefer, the defendant was serving time in state prison on an armed robbery conviction. The district court sentenced Kiefer as a "felon in possession" for possessing the gun during the armed robbery. Therefore, the Eighth Circuit addressed facts easily distinguishable from this case. In Kiefer, state authorities had already incarcerated the defendant for related criminal conduct. Furthermore, the district court had applied a section of the Guidelines that is not relevant to Yarbrough's appeal. See also United States v. Drake, 49 F.3d 1438, 1440-41 (9th Cir.1995).
 
 
 18
 Had the district court imposed a consecutive sentence under the 1993 Guidelines, Yarbrough might have had a meritorious ex post facto argument. A plausible ex post facto argument then may have provided the grounds for requiring the use of the 1992 edition of the Guidelines Manual. However, the district court's imposition of a concurrent sentence leaves no grounds for appeal since any error the court made, in light of the 1993 Guidelines, was to Yarbrough's benefit. As Application Note 4 makes clear, the district court should have made the sentence consecutive, not concurrent.[4] The district court's error prevented this, and effectively eliminated Yarbrough's grounds for appeal.[5]
 
 IV
 
 19
 The sentence of the district court is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [2]
 Application Note 3 states that "the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under Sec. 5G1.2." USSG Sec. 5G1.3, comment. (n. 3)
 
 
 [3]
 We say implicit because Yarbrough, and the government for that matter, do not mention this fact (and the issues it raises) in their briefs
 
 
 [4]
 We recognize that Yarbrough has constructed an argument to support his claim that the district court should have granted him some form of "credit" for time served on his unrelated parole violation; or at least provided him with his reasoning for not doing so. However, unless Yarbrough can provide some grounds for not using the 1993 edition of the Guidelines Manual, we need not address this issue. Not only was Yarbrough not entitled to any form of credit (or the reasoning behind the district court's refusal to grant it), he should have received a lengthier sentence
 
 
 [5]
 The government has not cross-appealed, and, therefore, is not entitled to any relief for the district court's error