**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0303n.06
Filed: April 19, 2005

No. 04-6102

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| ISMAEL OLIVO, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before:  KENNEDY and MOORE, Circuit Judges and RESTANI,** [*] **Court of International Trade Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Ismael Olivo ("Olivo") committed various violations of the terms of his supervised release and the district court sentenced him to an additional eight months' imprisonment to be served following the expiration of an undischarged state sentence. On appeal, Olivo concedes that he violated the terms of his supervised release but argues that the district court erred in failing to order that his sentence run concurrently with his undischarged state sentence rather than consecutively. We **AFFIRM** the district court's judgment as this claim lacks merit.

---

[*]The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

## I.  BACKGROUND

After his federal conviction in 1997 in the United States District Court for the Western District of Tennessee for possession with intent to distribute cocaine, Olivo received a sentence of 63 months' imprisonment to be followed by four years of supervised release.  Olivo began serving his supervised release term on January 2, 2002, in the Southern District of Texas.  Several months later Olivo was arrested in Corpus Christi, Texas for possession of cocaine and domestic assault.  Olivo subsequently pleaded guilty in state court to charges stemming from this arrest and was sentenced to ten years of imprisonment on the cocaine charge and ninety days of imprisonment on the assault charge.

On October 4, 2002, a supervised release petition was filed in district court alleging that Olivo had violated numerous terms of his supervised release, and an arrest warrant was issued.  A writ of habeas corpus ad prosequendum was then issued for Olivo, and the State of Texas surrendered Olivo into federal custody in order to permit a supervised-release-violation hearing to be held.  A hearing was held on September 1, 2004, during which Olivo admitted to violating the conditions of his supervised release.  During the hearing, Olivo's counsel argued that the district court ought to order his federal sentence to be served immediately, prior to Olivo's return to state custody, in order to ensure that his state sentence would run concurrently with this federal sentence.  The district court rejected the defense counsel's argument and ordered Olivo's federal sentence to begin following his release from state custody.  The district court then sentenced Olivo to eight months' imprisonment to be served after the completion of Olivo's state sentence.  Olivo filed this timely appeal.

## II. ANALYSIS

Olivo does not challenge the length of his imprisonment, only the district court's failure to order that Olivo's federal sentence be served prior to his return to state custody so that the two sentences could be served concurrently. We review for abuse of discretion the sentence imposed by a district judge following a hearing on supervised-release violations. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.), *cert. denied*, 525 U.S. 954 (1998) ("We review the district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion."); *see also United States v. Devaney*, 992 F.2d 75, 77 (6th Cir.), *cert. denied*, 510 U.S. 886 (1993) ("Decisions whether to order consecutive or concurrent sentences are reviewed for abuse of discretion."). Generally, we will affirm a district court's sentencing determination following revocation of supervised release so long as the district court has considered the relevant statutory factors and the district court's determination is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999).[1]

United States Sentencing Guideline ("U.S.S.G.") § 7B1.3(f) is instructive on the issue of a district court's decision to impose consecutive or concurrent sentences at a supervised-release-revocation hearing. Specifically, U.S.S.G. § 7B1.3(f) provides that:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

---

[1]In *United States v. Johnson*, – F.3d –, No. 04-1538 (6th Cir. Apr. 15, 2005), we recognized the question whether the "plainly unreasonable" standard for reviewing revocation of supervised release has been supplanted by the "reasonableness" standard in *United States v. Booker*, 125 S. Ct. 738 (2005). *Johnson*, slip op. at 3-4. As in *Johnson*, we need not decide this issue in this case, because the district court satisfies both standards. *Id.* at 4.

The district court followed this policy statement when it declined to order that Olivo's federal sentence begin immediately.

The policy statement embodied in U.S.S.G. § 7B1.3(f) was not binding on the district court. As we indicated in *United States v. Sparks*, 19 F.3d 1099 (6th Cir. 1994), while a district judge must consider U.S.S.G. § 7B1.3(f), where applicable, when imposing a sentence for a supervised-release violation, a district judge is not bound by its terms. *Id.* at 1101-02. Nonetheless, the district court had the discretion to apply this policy statement as a guideline when determining whether to delay the start of Olivo's federal sentence. Olivo has provided us with no evidence suggesting that the district court abused its discretion by deciding to follow the policy statement in U.S.S.G. § 7B1.3(f) under the circumstances of this case. On the contrary, Olivo's brief appears to concede that the district court was within its discretion in declining to order the immediate execution of Olivo's federal sentence. Appellant Br. at 11 (noting that the issue of whether the district court erred in failing to order the immediate execution of the federal sentence "appears to be one of discretion").

Furthermore, the district court was careful to explain at sentencing that his decision to decline to order the immediate execution of Olivo's sentence was based not only on the Guidelines policy but also on his belief that this was proper outcome in this case. The district judge indicated that he felt that permitting the state sentence to be discharged prior to the execution of the federal sentence was "the right decision under all the facts and circumstances in the case" despite any discretion he might have to reach a contrary decision. Joint Appendix ("J.A.") at 56 (Tr. of Supervised Release Violation Hr'g at 33); *see also* J.A. at 57 (Tr. of Supervised Release Violation Hr'g at 34) (noting that Olivo was being returned to state custody not because the district court had lacked the authority to order the immediate execution of Olivo's federal sentence but because there

4

were "good reasons to allow the process to proceed as the court has indicated."). Given the circumstances of this case, Olivo has therefore failed to establish that the district court's sentencing determination constituted an abuse of discretion or was unreasonable.

### III.  CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's judgment.