UNITED STATES of America, Plaintiff–Appellee,

v.

Tommie BLACKMAN, also known as Tommy Blackman, Defendant–Appellant.

No. 99–1060.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 9, 1999.

Decided Dec. 6, 1999.

Toi Denise Houston, Jonathan L. Marks (argued), Office of the United States Attorney, Dyer, IN, for Plaintiff–Appellee.

Linda S. Leonard (argued), Indianapolis, IN, for Defendant–Appellant.

Before COFFEY, KANNE and EVANS, Circuit Judges.

COFFEY, Circuit Judge.

On December 18, 1997, a federal grand jury sitting in the Northern District of Indiana returned a one-count indictment charging Tommy Blackman ("Blackman") with Failure to Appear, in violation of 18 U.S.C. § 3146(a)(1). On December 17, 1998, Blackman was tried and convicted of Failure to Appear, and was sentenced to 27 months' imprisonment, two years' supervised release, and a $100 special assessment. On appeal, Blackman argues that the trial judge was unaware of his ability to depart downward from the sentencing guidelines, and that the court erred when it increased his offense level by two under U.S.S.G. § 3C1.2. We affirm.

## I. BACKGROUND

On November 29, 1997, Blackman appeared before a magistrate judge in the Northern District of Indiana for an Initial Appearance pursuant to a complaint and arrest warrant.[1] Blackman was released on a $20,000 unsecured bond with pretrial supervision. On December 1, 1997, because of the defendant-appellant's failure to appear at his scheduled Bond Execution Hearing, an arrest warrant was issued.

Approximately two weeks later, a federal grand jury sitting in the Northern District of Indiana returned a one-count indictment, charging Blackman with Failure to Appear. On January 27, 1998, the defendant appeared for an Initial Appearance and was held without bond. On February 3, 1998, Blackman was arraigned and pled not guilty to the indictment. At the conclusion of the hearing, Blackman was again held without bond.

Subsequently, a plea agreement, reached between the government and the defendant, was filed with the court, and, on March 25, 1998, the defendant was once again released on a $20,000 unsecured bond with pretrial supervision. Consistent with his earlier practice, Blackman failed to appear at his April 2, 1998, change of plea hearing and another arrest warrant was issued. When Blackman failed to appear at his change of plea hearing, the

---

1. Blackman was charged with conspiracy to commit extortion with threats of injury or death by use of telephone, in violation of 18 U.S.C. § 875(b). These charges were subsequently dismissed.

judge reaffirmed Blackman's April 6, 1998, trial date. After Blackman failed to appear at his trial, another bench warrant was issued.

On May 1, 1998, U.S. Marshals attempted to arrest Blackman in Chicago, Illinois, but he escaped. Five days later, marshals again tried to arrest Blackman without success. Finally, on May 9, 1998, marshals and the Chicago Police Department located Blackman at his grandmother's house in Chicago, Illinois. As they attempted to arrest him, Blackman slammed the front door of the house in the face of the officers, requiring them to break down the door in order to take custody of Blackman.

On December 17, 1998, a jury convicted Blackman of failing to appear. On appeal, Blackman argues: 1) that, despite the fact that he never requested a downward departure, the district judge was unaware of his authority to depart downward; and 2) that the judge erroneously increased his offense level by two under U.S.S.G. § 3C1.2 because his attempts to escape arrest did not "obstruct the investigation or trial" of his case.

## II. ANALYSIS

### A. Downward Departure

█ As mentioned above, Blackman never specifically requested that the trial judge consider a downward departure. Despite this failure, Blackman asks us to remand his case for resentencing because the judge, while discussing a sentencing enhancement under U.S.S.G. § 2J1.6, stated whether the underlying charge "was dismissed or not does not make any difference, unless you have some authority to the opposite." Blackman argues that we

should infer from this language that the judge did not know that he had the authority to depart downward.

[Blackman's] argument, however, rests on the faulty presumption that the district court is unaware of discretion-vesting provisions that are not raised. We presume that the opposite is true: "[A] claim that a seasoned judge ... didn't understand his discretion will rarely, if ever, be successful when built merely on inference. Article III judges are presumed to know the law...." *United States v. Kezerle*, 99 F.3d 867, 870 (7th Cir.1996). Because this Court is precluded by statute from reviewing discretionary refusals to downwardly depart, *see* 18 U.S.C. § 3742; *United States v. Shlater*, 85 F.3d 1251, 1257–58 (7th Cir. 1996), and because [Blackman] has presented no evidence to overcome our presumption that [the district court] exercised [its] discretion in this regard, we reject [Blackman's] argument concerning his sentence.

*United States v. Wilson*, 134 F.3d 855, 869–70 (7th Cir.1998).

### B. Reckless Endangerment During Flight

█ Blackman, despite his failure to raise the issue before the district court, also argues on appeal that the trial judge violated the guidelines when he applied the "reckless endangerment during flight" enhancement under U.S.S.G. § 3C1.2[2] because the judge did not make the requisite findings.[3] In so arguing, Blackman claims that his "conduct" neither obstructed the investigation nor the trial of his case. We disagree.

█ We are perplexed, to say the least, at Blackman's argument that his conduct

---

**2.** Section 3C1.2 provides in pertinent part:

If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.

**3.** Ordinarily, a judge's decision on whether to apply a sentencing enhancement is reviewed for clear error. *See United States v. Draves*, 103 F.3d 1328, 1337 (7th Cir.1997). But, because Blackman did not raise the issue before the district court, we review only for plain error. *See United States v. Berkey*, 161 F.3d 1099, 1101 (7th Cir.1998).

did not obstruct the investigation or trial in his case. The record is clear that he absented himself from three duly scheduled court appearances and that, as a result of this repetitive, contemptuous conduct, there were three arrest warrants issued against Blackman during the pendency of the proceedings; the third arrest warrant being issued based on Blackman's failure to appear *at his own trial.* We are of the opinion that the application of basic logic dictates that an individual who does not appear at his own trial obviously obstructs his trial. We refuse to give any credence to Blackman's meritless argument, and hold that the trial judge did not err in applying U.S.S.G. § 3C1.2.[4]

Blackman's conviction and sentence are AFFIRMED

---

4. During oral argument, Blackman's appellate counsel suggested that the application of U.S.S.G. § 3C1.2 was erroneous because Blackman's conduct while escaping from federal marshals did not recklessly endanger any lives. "We have noted on many occasions, however, that arguments raised for the first time at oral argument are waived." *Orion Sales, Inc. v. Emerson Radio Corp.,* 148 F.3d 840, 843 (7th Cir.1998) (collecting cases).